WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abira Medical Laboratories LLC, | No. CV-24-01485-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Blue Cross Blue Shield of Arizona Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23). The Motion has been fully briefed. For the following reasons, the Court **grants** Defendant's Motion. The Court will allow Plaintiff the opportunity to amend the ERISA claim only.

I.   **BACKGROUND**

This is a breach of contract case between Plaintiff Abira Medical Laboratories LLC d/b/a/ Genesis ("Genesis"), a medical testing laboratory, and Defendant Blue Cross Blue Shield of Arizona Inc. ("Blue Cross"), an insurance company. (Doc. 22 at 2 ¶ 1). Genesis alleges that Blue Cross underpaid—or refused to pay—for laboratory testing services that Genesis rendered to Blue Cross's insureds. (*Id.* ¶¶ 1–4.) Before the Court is Genesis's First Amended Complaint ("FAC"), which Genesis filed after the Court partially dismissed its initial Complaint with leave to amend. (Doc. 20.)

**A. The Initial Complaint and Motion to Dismiss**

In its initial Complaint, Genesis sued Blue Cross for (1) breach of contract;

(2) breach of the covenant of good faith and fair dealing; (3) fraudulent misrepresentation; (4) negligent misrepresentation; (5) equitable estoppel; (6) promissory estoppel; and (7) recovery under theories of *quantum meruit* and unjust enrichment. (Doc. 1 at 7–13, ¶¶ 16–41.) Blue Cross moved to dismiss the Complaint; which the Court denied in part and granted in part. (Doc. 11; Doc. 20.) Specifically, the Court denied dismissal of the breach of contract and breach of the covenant of good faith and fair dealing claims. (Doc. 20 at 7, 9, 17.) Conversely, the Court granted dismissal of the remaining claims, ordering: (1) the equitable estoppel claim be dismissed with prejudice; and (2) the remaining claims be dismissed without prejudice. (*Id.* at 17.) Genesis then filed its FAC.

### B. The First Amended Complaint

In its FAC, Genesis alleges it rendered laboratory testing services to Blue Cross's insureds. (Doc. 22 at 4 ¶ 8.) Blue Cross would submit a request for these services to Genesis on its insured's behalf. (*Id.* ¶ 9.) These requests contained an assignment of benefits clause (the "Assignments Clause"), which compelled Blue Cross to pay Genesis as the assignee-beneficiary for services rendered. (*Id.* ¶ 9.) The Assignments Clause provided:

> I hereby assign all rights and benefits under my health plan and direct payments be made to Genesis [] for laboratory services furnished to me by Genesis []. I irrevocably designate authorize and appoint Genesis [] or its assigned affiliates as my true and lawful attorney-in-fact for the purpose of submitting my claims and pursuing any request, disclosure, appeal, litigation or other remedies in accordance with the benefits and rights under my health plan and in accordance with any federal or state laws.

(*Id.* at 4–5 ¶ 10.) Genesis alleges that Blue Cross "engaged in a long campaign designed to deprive [Genesis] of thousands of dollars it is rightfully owed" by "either fail[ing] to respond at all to properly submitted claims or fabricat[ing] some other pretextual basis to improperly refuse to make payment to Plaintiff." (*Id.* at 6 ¶ 13.) These pretextual bases included: (1) "lack of adequate claim information provided by [Genesis]"; (2) "untimely filing of claims"; and (3) "lack of coverage by the [insured] for the services provided." (*Id.* ¶ 14.)

Accordingly, Genesis now brings the following claims: (1) breach of contract;

(2) breach of the implied covenant of good faith and fair dealing; (3) a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"); and (4) recovery under theories of *quantum meruit* and unjust enrichment. (Doc. 22 at 7–9, 12.) Blue Cross filed the present Motion to Dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing: (1) Genesis fails to state an ERISA claim, (2) the alleged state law claims should be dismissed due to ERISA preemption; and (3) Genesis failed to cure the defects in its *quantum meruit* and unjust enrichment claims. (Doc. 23 at 6, 10, 12.)

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III.   DISCUSSION

The Court notes that the FAC is nearly identical to the initial Complaint apart from the following changes: (1) the FAC replaces the previous "Count 3 - Fraudulent and Negligent Misrepresentation; and Equitable and Promissory Estoppel" with "Count 3 - E.R.I.S.A."; (2) added one new paragraph to "Count 4 – Quantum Meruit / Unjust Enrichment"; and (3) removed language from a preexisting paragraph under Count 4. (Doc 22 at 9–13; Doc 1 at 9–13.) The Court analyzes the challenged claims in turn.

### A. ERISA

The Court begins with Genesis's claim that it was wrongfully denied benefits under ERISA.[1] (*Id.* at 11 ¶ 38.) "Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive

---

[1] The Court notes that it provided Genesis with "leave to amend the claims for misrepresentation, promissory estoppel, *quantum* meruit, and unjust enrichment." (Doc. 20 at 7.) The Court did not provide Genesis with leave to add an ERISA claim. Nor did Genesis intimate that it would bring an ERISA claim in its initial Complaint. In fact, Genesis originally alleged "[u]pon information to date and belief, the [assigned] claims are non-[ERISA] claims." (Doc. 1 at 8 ¶ 19.) There, the "claims" Genesis refers to are marked "Exhibit 1," which Genesis alleges lists each assignment it received. (*Id.* at 7 ¶ 17.) Now, in its FAC, Genesis relies on the same list but instead alleges that some of the assigned claims *are* subject to ERISA. (Doc. 22 at 10 ¶ 33.) Confusingly, the FAC still alleges that "[u]pon information to date and belief, the [assigned] claims are non-[ERISA] claims." (Doc. 22 at 8 ¶ 19.) The Court presumes Genesis mistakenly included this contradiction.

1   regulatory requirements for employee benefit plans and to 'provid[e] for appropriate
2   remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*,
3   542 U.S. 200, 208 (2004) (alterations in original) (quoting 29 U.S.C. § 1001(b)).  Under
4   29 U.S.C. § 1132(a)(1)(B), an ERISA plan "participant or beneficiary" may bring an action
5   "to recover benefits due to him under the terms of his plan."  ERISA plan participants may
6   assign their right to benefits to their healthcare providers, thus allowing such providers to
7   bring ERISA claims for the non-payment of benefits.  *See S. Coast Specialty Surgery Ctr.,*
8   *Inc. v. Blue Cross of Cal.*, 90 F.4th 953, 958 (9th Cir. 2024).

9   To adequately plead an ERISA claim under § 1132(a)(1)(B), "a plaintiff must allege
10  facts that establish the existence of an ERISA plan as well as the provisions of the plan that
11  entitle it to benefits.  Accordingly, a plaintiff who brings a claim for benefits under ERISA
12  must identify a specific plan term that confers the benefit in question." *Physicians Surgery*
13  *Ctr. of Chandler v. Cigna Healthcare Inc.*, 609 F. Supp. 3d 930, 936 (D. Ariz. 2022)
14  (citation omitted) (quoting *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp.,*
15  *Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015).  Thus, the Court assesses whether Genesis
16  sufficiently pleads an ERISA claim.

17                  1.  *The Parties' Arguments*

18  In the FAC, Genesis alleges that some of the insurance policies at issue in this case
19  are employee benefit plans regulated under ERISA.  (*Id.* at 10 ¶ 31.)  However, Genesis
20  acknowledges that it "is not able to differentiate between those plans that are subject to
21  ERISA" because it was "not provided a copy or access to the plan[s]," which are in Blue
22  Cross's possession.  (*Id.* at 10–11 ¶¶ 32–33.)

23  Blue Cross argues that Genesis failed to state an ERISA claim because Genesis "has
24  not identified the specific health plans or terms thereof conferring a right to the alleged
25  benefits." (Doc. 23 at 7.)  In Blue Cross's view, Genesis's general allegation that some of
26  the insurance policies implicate ERISA is insufficient.  (*Id.*)  Blue Cross additionally argues
27  that the fact that Genesis does not possess the plan documents does not otherwise excuse
28  Genesis's fatally general allegations.  (*Id.* at 9.)  Genesis counters, "[a]t this stage of the

action, [it] does not need to plead every factual item to substantiate its claims but just a sufficient amount." (Doc. 25 at 8.) Genesis contends that it "has not been provided with the information in order to plead with such level of specificity" as to "the existence of an ERISA plan and . . . the provisions of the plan that entitles the payment of benefits." (*Id.*) Genesis claims it will obtain copies of the plan during discovery. (*Id.*)

Blue Cross alternatively argues that Genesis's state law claims should be dismissed because "some and potentially all of the medical claims at issue are governed by ERISA." (Doc. 23 at 10.) Accordingly, it argues those claims are preempted by ERISA because those claims "'relate to' an ERISA plan." (*Id.*) Therefore, Blue Cross contends the Court should dismiss all the state law claims because Genesis "fails to sufficiently plead which underlying medical claims are governed by ERISA, making it impossible to determine whether ERISA preempts the state law claims for some, all, or none of the underlying alleged medical claims." (*Id.*) Genesis disagrees, arguing that Blue Cross has failed to demonstrate "how the non-ERISA claims are somehow related to the wrongful denial of benefits claim for those claims subject to ERISA." (Doc. 25 at 9.)

2. *Pleading an ERISA Claim*

As noted, pleading an ERISA claim requires allegations of fact "that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits" and the identification of "a specific plan term that confers the benefit in question." *Cigna Healthcare*, 609 F. Supp. 3d at 936 (quoting *Almont*, 99 F. Supp. 3d at 1155). Courts have applied varying levels of stringency in determining what constitutes a sufficient allegation of an ERISA claim. *See id.*

Some courts only require claimants who do not have access to the policies to generally assert that an ERISA plan is at issue. For example, the court in *Abira Medical Laboratory v. Wellcare Health*, No. 8:24-cv-1278-MSS-NHA, 2025 WL 2577187, at *6 (M.D. Fla. July 22, 2025) noted:

> In the context of ERISA claims, Circuits have recognized that information about insurance plans is often in the hands of the defendant-insurer and no matter how clever or diligent, ERISA plaintiffs generally lack the inside

- 6 -

>information necessary to make out their claims in detail unless and until discovery commences. Thus, ERISA plaintiffs should not be held to an excessively burdensome pleading standard that requires them to identify particular plan provisions in ERISA contexts when it may be extremely difficult for them to access such plan provisions. Stated differently, an ERISA plaintiff does not need to plead details to which it has no access, as long as the facts alleged tell a plausible story.

*Id.* (citation modified); *see also Abira Med. Lab'ys, LLC v. Bluecross Blueshield of Tenn., Inc.*, No. 1:24-cv-329, 2025 WL 1902624, at *3 (E.D. Tenn. May 28, 2025) (noting that "all the pleading standard requires is factual allegations sufficient to render the existence of a valid assignment *plausible*" (emphasis in original)); *Abira Med. Lab'ys, LLC v. Bluecross Blueshield of Okla.*, No. CIV-24-1365-D, 2025 WL 2654917, at *2 (W.D. Okla. Sep. 16, 2024) (noting that "it would be unduly burdensome to require Plaintiff to allege violations of specific contract language that is most appropriately found in Defendant's possession"); *Abira Med. Lab'ys, LLC v. UMR Ins. Co.*, No. 5:24-CV-00777-JKP, 2025 WL 1886681, at *2 (W.D. Tex. July 7, 2025) (noting that "when discoverable information is in the control and possession of a defendant, the plaintiff is relieved of the requirement to provide that information in its complaint").

Other courts do not tolerate such general assertions.  For example, the court in *Abira Medical Laboratories, LLC v. Blue Cross Blue Shield of Florida, Inc.*, No. 3:23-cv-1092-TJC-SJH, 2025 WL 2644763, at *1 (M.D. Fla. Sep. 15, 2025) dismissed an ERISA claim where the claimant failed to provide specific information, the number of patients participating in ERISA plans, the terms and alleged benefits of those plans, and whether the claimant exhausted administrative remedies  *Id.* Instead, the court found the claimant only alleged "that its patients assigned their unspecified benefits . . . and that [the insurer] violated ERISA by failing to make payments of benefits." *Id.*  The court was unpersuaded by the claimant's argument that "it is not in a position to be able to access plan documents and that it should not be required to cite to any particular plan provision." *Id.* at *2.  It reasoned that, while a "court must take into account a plaintiff's limited access to inside information, plaintiff 'must offer sufficient factual allegations to show that he or

she is not merely engaged in a fishing expedition or strike suit.'" *Id.* (quoting *Braden v. Wal-Mart Stores, Inc.* 588 F.3d 585, 598 (8th Cir. 2009)); *see also ABC Servs. Grp., Inc. v. Health Net of Cal., Inc*, No. 8:19-cv-00243-DOC (ADS), 2022 WL 2348062, at *5 (C.D. Cal. June 13, 2022) (noting that allegations that an insurer "failed and refused to pay, process or adjust these claims" are insufficient where the claimant fails to "touch upon the specific plans and plan terms at issue"); *FHMC LLC v. Blue Cross & Blue Shield of Ariz. Inc.*, No. CV-23-00876-PHX-GMS, 2024 WL 1461989, at *3 (D. Ariz. Apr. 4, 2024) (finding that a claimant fails to sufficiently plead an ERISA claim where the claimant merely alleges that "some claims 'may involve insurance plans under' ERISA," though they state they are "unable to determine from their position in the billing process which plans are ERISA and which ones are not").

The Court adopts the latter approach; the Ninth Circuit appears to embrace the more stringent methodology. Under circumstances like those present here, the Ninth Circuit affirmed the dismissal of an ERISA claim brought by an assignee. *Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*, 805 Fed. Appx. 530, 531 (9th Cir. 2020). There, the court explained:
> [The] complaint fails to state a claim under [ERISA] because it does not identify: (i) any ERISA plan, apart from vague references to anonymous patients who allegedly assigned rights to [claimant]; or (ii) any plan terms that specify benefits that the defendants were obligated to pay but failed to pay. These deficiencies are exacerbated by [the claimant's] decision to lump 44 separate events—presumably involving distinct ERISA plans, coverage provisions, medical procedures, and insurer communications—into a single set of generalized allegations. Such allegations cannot give rise to a "reasonable inference that [the insurer] is liable" for medical care covered by the terms of ERISA plans to which [the claimant's] patients were participants or beneficiaries.

*Id.* (fifth alteration in original) (quoting *Iqbal*, 566 U.S. at 678). A similar analysis applies here.

The FAC only contains bald assertions regarding the existence of an ERISA plan. The FAC provides:

> 30. Upon information and belief, Defendant's subscribers/members/insureds

- 8 -

> obtain insurance policies through the issuance of the Defendant's insureds/subscriber/member's Employer obtaining a policy of group health insurance in which Defendant's insureds/subscribers/members are a participant or, of which they are a beneficiary.
>
> 31. Said policy is an employee benefit plan that is regulated by [ERISA].

(Doc. 22 at 10.) The FAC fails to "identify the ERISA plans and services at issue," which is required "when an assignee is attempting to assert many claims involving different individuals in a single suit." *Fortitude Surgery Ctr. LLC v. Aetna Health Inc.*, No. CV-24-02650-PHX-KML, 2025 WL 1432906, at *2 (D. Ariz. May 19, 2025). Genesis admits it does not know how many insureds participated in ERISA plans, but it attaches an exhibit to the FAC that lists hundreds of anonymous insureds Genesis believes *may* have participated in an ERISA plan. (Doc. 22 at 10–11 ¶¶ 32–33; Doc. 22-1).

The Court finds *Fortitude Surgery* especially persuasive as it is nearly factually identical to the present matter. There, an out-of-network healthcare provider brought an ERISA claim against an insurer for refusing to pay benefit claims assigned to the provider by the insureds. 2025 WL 1432906, at *1. Like here, the insured in that case "allege[d] it provided unidentified services to unidentified individuals who were covered by unidentified ERISA or non-ERISA health plans, and [the insurer's] failure to reimburse [the provider] violated the unidentified terms of those plans." *Id.* As the court noted, and applies with equal force here:

> [These] allegations do not identify any specific ERISA plan. Nor do they identify plan terms covering the services [the provider] allegedly provided, or even what services [the provider] provided. While [the provider] was not required to recite every relevant term of every relevant plan, it needed to "do more than broadly allege a generalized obligation for [the insurer] to provide payment

*Id.* at *3. While Genesis broadly alleges that it "performed clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services," it does not provide what services it rendered to which insureds. Accordingly, the Court dismisses Genesis' ERISA claim with leave to amend.

The Court also recognizes that other courts have recognized an "exception" to this

- 9 -

requirement if a claimant is able to "detail its efforts to obtain such documents." *Id.* (citing *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross*, 892 F.3d 719 (5th Cir. 2018)); *see Fortitude Surgery*, 2025 WL 1432906, at *3 (noting that if a provider "cannot obtain the plan information independently, the complaint must detail its efforts to do so" in its amended complaint). The Court is sympathetic to the "principle that an insurer cannot hide behind these plans that are in its control but then turn around to argue that a plaintiff has failed to plead specific language from those plans it will not share." *Cigna Healthcare*, 550 F. Supp. 3d. at 809. Accordingly, the Court will give Genesis leave to amend its ERISA claim.

Because the Court dismisses Genesis's ERISA claim, it does not address Blue Cross's preemption arguments. Given that Genesis alleges state law claims, the Court notes that ERISA claims can preempt state law claims where the "state-law claim has a reference to an ERISA plan" which exists if the state law claim is either "premised on the existence of an ERISA plan or if the existence of the plan is essential to the claim's survival." *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024) (citation modified). In *Bristol*, the court held that a claimant's breach of contract claim was preempted because it was an "ERISA benefits claim[] in the garb of state law." *Id.* (citation modified).

**B. Quantum Meruit and Unjust Enrichment**

The Court next addresses whether the FAC sufficiently states a claim for *quantum meruit* or unjust enrichment.[2] As the Court previously noted:

> To prevail on an unjust enrichment claim under Arizona law, "a plaintiff must establish that, (1) plaintiff conferred a benefit upon the defendant; (2) defendant's benefit is at plaintiff's expense; and (3) it would be unjust to allow defendant to keep the benefit." *In re Ariz. Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1057 (D. Ariz. 2018). *Quantum meruit* is an "equitable remedy under which 'a plaintiff who has rendered services benefitting a defendant may recover the reasonable value of those services when necessary to prevent the unjust enrichment of the defendant.'" *Id.* (quoting *Cent. Ariz.*

---

[2] The Court previously noted that unjust enrichment and *quantum meruit* are technically different claims. (Doc. 20 at 13.) Genesis still asserts these claims together. (Doc. 22 at 13.)

> *Water Conservation Dist. v. United States*, 32 F. Supp. 2d 1117, 1140 (D. Ariz. 1988)). *Quantum meruit* is appropriate where the parties have attempted to contract but the contract is unenforceable or void. Unjust enrichment, by contrast, is properly asserted where there was never any attempt to arrive at a contract." *Cent. Ariz. Water Conservation Dist.*, 32 F. Supp. 2d at 1140.

(Doc. 20 at 13–14.)

The Court originally dismissed these claims because Genesis "fatally omit[ted] facts showing Genesis conferred a legally cognizable 'benefit' to [Blue Cross]." (*Id.* at 15.) Genesis merely alleged that it conferred a benefit upon Blue Cross because it conferred a benefit upon its insureds. (*Id.* at 15; Doc. 1 at 37.) The Court noted: "[G]iven the relationship between the insurer, its insured, and medical providers, this allegation strains credulity. Indeed, the benefit of Genesis providing services to [Blue Cross's] [i]nsureds precisely falls onto the [i]nsureds, as the insurer is 'obligat[ed] to pay money to the insured—which can hardly be called a benefit.'" (Doc. 20 at 15 (fifth alteration in original) (quoting *Travelers Indem. Co. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001)). The Court then noted that many courts do not consider an insurer being discharged of its obligation to cover the costs of its insureds to be a "conferred benefit" for the purpose of *quantum meruit* or unjust enrichment claims. (*Id.*)

The FAC fails to cure these defects. The FAC makes two immaterial changes regarding the *quantum meruit* and unjust enrichment claims. First, the FAC adds the following paragraph:
> For those claims subject to ERISA (Count 3), Plaintiff alleges this count of quantum meruit and unjust enrichment against Defendant to the extent applicable under the law.

(Doc. 22 at 13.) Second, Genesis removed the bracketed language in the FAC:
> By reason of the unjust enrichment of Defendant at Plaintiff's expense, Plaintiff is entitled to judgment against Defendant [in the amount of not less than $1,212,544 plus interest.]

These changes fail to fix the defects the Court identified in the initial Complaint. The FAC does not add any allegations substantiating Genesis's claim that it conferred a benefit upon Blue Cross. As the Court recognized, some courts have suggested that a "benefit

- 11 -

conferred" in an ERISA matter might include "the discharge of the obligation the insurer owes to the insured." *See Plastic Surgery Ctr., PA v. Aetna Life Ins.*, 967 F.3d 218, 240–41 (3d Cir. 2020). Even accepting that as true, Genesis has failed to adequately plead the existence of an ERISA plan. Thus, Genesis has failed to establish either a *quantum meruit* or unjust enrichment claim.

However, even assuming Genesis amends the FAC to adequately plead an ERISA claim, that would not otherwise save its unjust enrichment and *quantum meruit* claims. (Doc. 25 at 14.) Genesis relies on *Plastic Surgery Center* to argue that, under an ERISA plan, there is "a 'benefit conferred' onto an insurer when the insurer fails to pay a healthcare provider for the services rendered to the insured." (*Id.*) There are multiple issues with this reasoning. To start, the court in *Plastic Surgery Center* did not expressly find that a "discharge of the obligation the insurer owes to its insured" constitutes a "conferred benefit." 967 F.3d at 240. Instead, the court only assumed the existence of a conferred benefit to otherwise examine whether a state law claim of unjust enrichment was preempted by an ERISA claim. *See id.* This leads to another issue; it would be illogical to use *Plastic Surgery Center* to establish that there was a "conferred benefit" for the purpose of a state law claim when *Plastic Surgery Center* ultimately held that the state law claim was preempted by ERISA. In other words, if the Court relies on *Plastic Surgery Center* to find a "conferred benefit" under an ERISA plan for the purpose of a *quantum meruit* or unjust enrichment claim, it would only do so to then find those claims preempted by the ERISA claim itself.

Additionally, *Plastic Surgery Center* does not clearly stand for the proposition that the discharge of the obligation the insurer owes to its insured constitutes a "conferred benefit." Instead, the court only assumed as much for the sake of its ERISA preemption analysis. *Id.* at 240–41. The court even recognized that there is "disagree[ment] over whether a healthcare provider's provision of services to an insured may ever constitute a 'benefit' to an insurer for purposes of an unjust enrichment claim." *Id.* at 240 n.26. As to this disagreement, the Court agrees with *Travelers Indemnification*, which held: "It is

counterintuitive to say that services provided to an insured are also provided to its insurer. The insurance company derives no benefit from those services; indeed, what the insurer gets is a ripened obligation to pay money to the insured—which hardly can be called a benefit." 150 F.Supp. 2d at 563. Accordingly, Genesis' claims of unjust enrichment and *quantum meruit* are dismissed with prejudice. Leave to amend is inappropriate here because Genesis has "fail[ed] to cure deficiencies by amendments previously allowed." *See Eminence Capital, LLC c. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). More important, amendment would be futile for the reasons mentioned. *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) (noting that leave to amend should not be denied unless "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit").

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED dismissing** the ERISA claim without prejudice and **dismissing** the claims for *quantum meruit* and unjust enrichment with prejudice (Doc. 22.)

**IT IS FURTHER ORDERED granting** Genesis leave to amend the ERISA claim. Genesis may file a Second Amended Complaint within thirty (30) days of the date of this Order.

Dated this 29th day of September, 2025.

Honorable Susan M. Brnovich
United States District Judge