**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abira Medical Laboratories LLC, | No. CV-24-01485-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Blue Cross Blue Shield of Arizona Incorporated, | |
| Defendant. | |

The Court now considers Defendant Blue Cross Blue Shield of Arizona, Inc's ("BCBS") Motion to Dismiss Plaintiff Abira Medical Laboratories LLC d/b/a Genesis Diagnostics' ("Genesis") Second Amended Complaint ("SAC") (Doc. 33). The Motion is fully briefed. For the following reasons, the Court **partially grants** the Motion.

## I.     BACKGROUND

The Court outlined the salient facts of this case in its previous Order dismissing the First Amended Complaint (the "FAC Order") (Doc. 28). In short, this is a breach of contract case between Genesis, a medical testing laboratory, and BCBS, an insurance company. (Doc. 28 at 1.) Genesis alleges that it rendered testing services to BCBS's insureds based on requests submitted by BCBS. (*Id.* at 2.) These requests contained an assignment of benefits clause which compelled BCBS, as the assignee-beneficiary, to pay Genesis for the services. (*Id.*) However, Genesis alleges that BCBS either underpaid or refused to pay for these services. (*Id.*) Genesis consequently brought the present lawsuit, arguing that the case implicates insurance plans regulated by the Employee Retirement

Income Security Act of 1974 ("ERISA").  (Doc. 30 at 9.)

Originally, Genesis sued BCBS for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraudulent misrepresentation; (4) negligent misrepresentation; (5) equitable estoppel; (6) promissory estoppel; and (7) recovery under theories of *quantum meruit* and unjust enrichment.  (Doc. 1 at 7–13, ¶¶ 16–41.)   On BCBS's first Motion to Dismiss (Doc. 11), the Court: (1) denied dismissal of the claims for breach of contract and breach of the covenant of good faith and fair dealing (collectively, the "contract claims"); (2) dismissed the equitable estoppel claim with prejudice; and (3) dismissed the remaining claims without prejudice.  (Doc. 20 at 17.)

Thereafter, Genesis filed its FAC (Doc. 22).  The FAC asserted: (1) the contract claims; (2) a claim based on violation of the ERISA; and (3) claims based on *quantum meruit* and unjust enrichment.  (*Id.* at 7–9, 12.)   The FAC did not pursue the misrepresentation claims or the promissory estoppel claim.  BCBS then filed its second Motion to Dismiss (Doc. 23.)  On that Motion, the Court: (1) dismissed the ERISA claim without prejudice; and (2) dismissed the claims for *quantum meruit* and unjust enrichment with prejudice.  (Doc. 28 at 13.)  The Court gave Genesis to leave to amend the ERISA claim.  (*Id.*)

Genesis thus filed the SAC.  The SAC reasserts the contract claims and the ERISA claim.  (Doc. 30 at 8–11.)  The SAC also asserts claims for fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel.  The Court now considers BCBS's present Motion to Dismiss.

## II.    LEGAL STANDARD

To survive a motion for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint must meet the requirements of Rule 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  This notice exists if the

pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III.   DISCUSSION

The Court begins by addressing Genesis's claims for fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel. The Court then evaluates the

amended ERISA claim.  Finally, the Court evaluates the contract claims.

### A. Fraudulent Misrepresentation, Negligent Misrepresentation, and Promissory Estoppel

As noted, the Court previously dismissed Genesis's claims for misrepresentation and promissory estoppel without prejudice.  (Doc. 20 at 3, 17.)  The Court gave Genesis thirty days from April 3, 2025 to amend these claims.  (*Id.* at 17.)  Genesis timely filed its FAC, but it did not reassert the misrepresentation or promissory estoppel claims.  (Doc. 28 at 2–3.)  The SAC now attempts to resurrect these claims.

The Court will not entertain these claims for two reasons.  First, Genesis failed to amend these claims pursuant to this Court's previous Order giving it thirty days to do so.  (Doc. 20 at 17.)  Second, these claims exceed the scope of this Court's most recent grant of leave to amend.  *See McDonough v. Bidwill*, No. CV-24-00764-PHX-DWL, 2025 WL 2673966, at *5 (D. Ariz. Aug. 22, 2025) (noting that "[c]ourts routinely dismiss or strike newly added claims where the addition of such claims exceeds the scope of leave to amend that was previously authorized")  As noted, rhe Court only gave Genesis leave to amend its ERISA claim..  (Doc. 28 at 13.)

Genesis does not explain why it amends these claims beyond the original thirty-day deadline, and  outside the scope of this Court's previous grant of leave to amend.  Confusingly, Genesis, in its Response, correctly recognizes that "the Court granted Plaintiff the opportunity to amend the ERISA claim only." (Doc. 35 at 4–5.)  Still, Genesis claims that it "requires additional discovery in order to plead these causes of action" and "voluntarily agrees to the withdrawal of [these claims] at this time, based on the Court's earlier rulings." (*Id.* at 6 n.4.)  It appears Genesis believes that it can withdraw these claims while reserving the right to file another amended complaint once it has sufficient discovery.  The Court reminds Genesis that it may only amend its pleadings "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2 To do otherwise, impermissibly burdens the efficiency of these proceeding.  In sum, Genesis did not amend its misrepresentation and promissory estoppel claims when given the chance to do so,

amended these claims in violation of a Court order which required BCBS to file the present motion, and now withdraws these claims with an expressed intent to reassert them.

Accordingly, the Court grants BCBS's Motion as to Genesis's claims of fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel. The Court dismisses these claims with prejudice.

**B. ERISA**

The Court turns next to Genesis's ERISA claim. "Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (alterations in original) (quoting 29 U.S.C. § 1001(b)). Under 29 U.S.C. § 1132(a)(1)(B), an ERISA plan "participant or beneficiary" may bring an action "to recover benefits due to him under the terms of his plan." ERISA plan participants may assign their right to benefits to their healthcare providers, thus allowing such providers to bring ERISA claims for the non-payment of benefits. *See S. Coast Specialty Surgery Ctr., Inc. v. Blue Cross of Cal.*, 90 F.4th 953, 958 (9th Cir. 2024).

To adequately plead an ERISA claim under § 1132(a)(1)(B), "a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits. Accordingly, a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Physicians Surgery Ctr. of Chandler v. Cigna Healthcare Inc.*, 609 F. Supp. 3d 930, 936 (D. Ariz. 2022) (citation modified). Thus, the Court assesses whether Genesis sufficiently pleads an ERISA claim.

In the FAC Order, the Court noted that courts apply varying levels of stringency when evaluating the sufficiency of allegations of an ERISA violation. (Doc. 28 at 6.) Ultimately, the Court dismissed the FAC's ERISA claim relying on the "more stringent" pleading standard. (Doc. 28 at 7–9.) Applying this standard, the Court found the FAC

deficient because it "only contain[ed] bald assertions regarding the existence of an ERISA plan" and failed "to identify the ERISA plans and services at issue." (*Id.* at 8–9 (citation modified).) The Court need not revisit this analysis because Genesis fails to argue that the SAC now meets this standard. Indeed, the SAC's ERISA claim remains materially unchanged. Genesis acknowledges "that is unable to amend the complaint to cure the alleged defects, including lack of specificity as to the plans and terms therein due to the lack of discovery between the parties to date." (Doc. 35 at 9 n.8.)

Instead, Genesis attempts to avail itself of an "exception" to the aforementioned pleading standard based on its lack of access to specific plan language and other relevant documents. As the Court previously recognized, there is a "principle that an insurer cannot hide behind . . . plans that are in its control [and] then turn around to argue that a plaintiff has failed to plead specific language from those plans it will not share." *Physicians Surgery Ctr. of Chandler v. Cigna Healthcare Inc.*, 550 F. Supp. 3d. 799, 809 (D. Ariz. 2021). In these circumstances, a claimant "must detail its efforts to obtain such documents in an amended complaint." *Id.* at 808–09. However, this exception must be tempered against the requirement that claimants "must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit." *Abira Med. Lab'ys, LLC v. Blue Cross Blue Shield of Fla., Inc.*, No. 3:23-cv-1092-TJC-SJH, 2025 WL 2644763, at *1 (M.D. Fla. Sep. 15, 2025) (citation modified). The Court thus evaluates Genesis's new allegations pertaining to its attempts to retrieve the relevant insurance plan information.

The SAC details Genesis's attempts to obtain the plan information as follows. "Plaintiff is not provided with a copy of the plan during the underlying claim administration process, but demands a copy of same under ERISA." (Doc. 30 at 8 ¶ 24.) "On October 7, 2025, Plaintiff served an email on Defendant requesting copies of the plans at issue in this matter. To date, the Defendant has not responded." (*Id.* at 8–9 ¶ 25.) These allegations are insufficient to excuse Genesis's lack of sufficient pleading.

The Court reaffirms—as was the case in the FAC Order—that Genesis does not

make any attempt to cure the substantive deficiencies identified in the FAC Order. Thus, Genesis attempts to salvage its ERISA claim by vague reference to a single email sent well over a year after this lawsuit was initiated and after filing the Complaint and FAC. (Doc. 1.) Genesis does not point to a single indication prior to the filing of its FAC suggesting that the plans at issue in this case are subject to ERISA. Additionally, based on a "spreadsheet setting forth the patients who were rendered Laboratory Testing Services" which Genesis attaches to the SAC, it appears Genesis is seeking damages based on services it rendered as early as 2016. (Doc. 30-1 at 1.) Thus, a single email does little to excuse Genesis's failure to provide any factual enhancement in its SAC which are based on claims ostensibly a decade old.

Additionally, Genesis's new allegations fall well short of what was alleged in *Innova Hospital San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719 (5th Cir. 2018), the case which gave rise to the "ERISA pleading exception." There, the claimant "attempted—without success—to obtain the plan documents at issue from the [i]nsurer" "[t]wo years before filing the lawsuit." *Id.* at 724. No such attempt was made here. Additionally, the *Innova* court flagged that the claimant in that case "*repeatedly* sought to obtain from the [i]nsurers the plan documents at issue." *Id.* at 729. Genesis points to a single attempt. Thus, the Court finds that Genesis is unable to avail itself of the foregoing exception.

Genesis is no stranger to this Court's findings. Other courts have similarly found that Genesis is not entitled to the ERISA pleading exception. *See, e.g.*, *Abira Med. Lab'ys v. Anthem Blue Cross Life & Health Ins. Co.*, No. 2:25-CV-03220-WLH-RAO, 2025 WL 2685616, at *3 (C.D. Cal. Aug. 13, 2025) (finding that Genesis "failed to cure the deficiencies identified by the Court—namely, the absence of allegations about the specific provision creating the obligation alleged to be breached—either by including good faith allegations that it had tried and failed to obtain the plan language *or* by including representative plan language"); *Abira Med. Lab'ys, LLC v. Blue Cross Blue Shield of R.I.*, No. 24-CV-475-MRD-PAS, 2026 WL 353339, at *6 (D.R.I. Feb. 9, 2026) (finding that

Genesis is not entitled to the pleading exception because: (1) the assignment of the plans to Genesis "presumably include[d] the right to access the patients' plan"; (2) Genesis "never sought to secure the [p]lans from their patients upon receiving the requisitions of laboratory testing"; and (3) "failed to plead any attempts to retrieve [p]lan documents directly from [the insurer]").

Accordingly, the Court grants BCBS's Motion as to the ERISA claim. The Court dismisses this claim with prejudice. As was the case in the FAC Order, this conclusion obviates any need to evaluate whether Genesis' state law claims are preempted by its ERISA claim. (Doc. 28 at 10.)

## C. The Contract Claims

The Court turns next to Genesis's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 30 at 10–12.) As noted, the Court previously denied BCBS's first Motion to Dismiss. (Doc. 20 at 9.) Genesis thus reasserted these claims in its FAC. (Doc. 22 at 7–9.) BCBS did not challenge these claims in its second Motion to Dismiss. (Doc. 23.) Genesis thus reasserted these claims in its SAC. (Doc. 30 at 10–13.) The contract claims remain materially similar across the Complaint, the FAC, and the SAC.

BCBS now contends that these claims should be dismissed because Genesis fails to plausibly plead any assignment of benefits. (Doc. 33 at 13.) It is unclear why BCBS waits until its third Motion to Dismiss to raise this argument. Nonetheless, the Court considered Genesis' contract claims in its Order dismissing the Complaint and found that "Genesis has pleaded enough facts to stave off dismissal of its breach of contract claim." (Doc. 20 at 7.) The Court did not specifically consider any challenge to Genesis' allegations pertaining to the assignment of benefits because BCBS did not raise this argument. (*Id.* at 6.) Nonetheless, BCBS does not raise any argument which warrants this Court to dismiss a claim it already found to be adequately pled.

Accordingly, the Court denies BCBS's Motion as to the contract claims.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED granting** BCBS's Motion in regard to the ERISA claim and the claims for fraudulent misrepresentation, negligent misrepresentation, promissory estoppel.  The Court **denies** BCBS's Motion in regard to the contract claims.

**IT IS FURTHER ORDERED dismissing** the ERISA claim and the claims for fraudulent misrepresentation, negligent misrepresentation, promissory estoppel with prejudice.

Dated this 2nd day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge